IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

K.D.,

    Appellant,

 v.                                                                    Case No. 5D15-2489

J.R.D.,

    Appellee.

_____/

Opinion filed March 4, 2016

Appeal from the Circuit Court
for Putnam County,
Patti A. Christensen, Judge.

Paulina Forrest, of East Broward Law,
Ft. Lauderdale, for Appellant.

No Appearance for Appellee.


WALLIS, J.

    K.D. appeals the trial court's order for involuntary treatment for substance abuse. On May 21, 2015, K.D.'s father, J.R.D., petitioned under the Marchman Act[1] for involuntary substance abuse assessment and stabilization for K.D. On the same day, the trial court granted the petition ex parte. On May 27, K.D. underwent a biopsychosocial assessment. On June 1, J.R.D. petitioned for K.D.'s involuntary substance abuse

_____

[1] § 397.301 et seq., Fla. Stat. (2015).

treatment. The trial court set the petition for hearing on June 16. After the hearing, the trial court entered its order for K.D.'s involuntary treatment for substance abuse.

Section 397.6955, Florida Statutes (2015), provides that, upon filing of a petition for the involuntary treatment of a substance abuse impaired person, the trial court "shall schedule a hearing to be held on the petition within 10 days." Computing the time according to Florida Rule of Judicial Administration 2.514(a)(1), the last permissible day for the trial court to schedule a hearing after J.R.D. filed his petition on June 1 was June 11. However, the trial court held a hearing on the petition on June 16, 15 days later. Thus, because the trial court exceeded the statutory 10-day time limit and lacked jurisdiction over the petition, we reverse the resulting order.

REVERSED.

LAMBERT and EDWARDS, JJ., concur.